ATTORNEY GENERAL *vs.* BAY STATE BENEFICIARY ASSOCI-
ATION.  H. C. BLISS & another, receivers, petitioners.

Suffolk.    May 16, 1898. — June 23, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Insurance on the Assessment Plan — Construction of Policy — Disability caused
by Sickness — Statute.*

In each of the policies issued after January 11, 1892, by a beneficiary association
incorporated under general law, was the following : " In the event of said mem-
ber becoming totally and permanently disabled, and the determining of such
disability by the medical director and board of directors of said association, there
shall be paid to said member at the option of said board, if he shall so request in
writing at any time while this policy is in full force, upon the surrender to said
association of this policy and the cancellation of the same in full discharge and
settlement of all claims under this contract, the sum of $       ." The amount
written in the blank space was one half the amount of the total policy risk.
Numerous proofs were filed with the receivers by policy holders as claimants
for permanent and total disability prior to the filing of the bill for the appoint-
ment of receivers.  In most of these cases the alleged disability arose from
sickness, and in none of them did the directors vote or determine to exercise
their option in favor of the payment or allowance of the claim.  *Held,* that the
corporation had no power, since the enactment of St. 1890, c. 421, to engage in
the business of insurance against losses in cases where the disability might arise
from sickness, that the claimants had no additional right by reason of disability
to share in the assets of the corporation, and that the same answers applied to a
claim of an intervening petitioner, which arose upon an agreement of the defend-
ant to assume the liability of another association under a certificate issued to
the claimant containing a provision similar to the above but different from it in
making the liability to pay upon demand in cases of total disability absolute
instead of optional with the director.

PETITION IN EQUITY, by the receivers of the defendant asso-
ciation, praying for the instructions of the court as to their
duties.  Hearing before *Lathrop,* J., who reserved the case
upon the pleadings and the intervening petition of one James
A. Shaw for the consideration of the full court.  The facts
appear in the opinion.

*H. C. Bliss,* for the receivers.

*H. V. Cunningham,* for James A. Shaw.

KNOWLTON, J.  The Bay State Beneficiary Association was or-
ganized as a corporation under the general laws on June 2, 1881,
" for the purpose of rendering pecuniary aid to the families of

deceased members, their heirs and assigns." The affairs of the corporation are now being settled by receivers appointed by this court.

The laws applicable to such corporations were embodied in chapter 115 of the Public Statutes. Another act relating to the subject was the St. 1882, c. 195, which has been repealed and superseded by later legislation. The St. 1885, c. 183, was a revision and enlargement of the laws relating to insurance on the assessment plan, and the St. 1890, c. 421, is a material modification of the previously existing statutes.

In each of the policies issued after January 11, 1892, is a provision as follows: " In the event of said member becoming totally and permanently disabled, and the determining of such disability by the medical director and board of directors of said association, there shall be paid to said member at the option of said board, if he shall so request in writing at any time while this policy is in full force, upon the surrender to said association of this policy and the cancellation of the same in full discharge and settlement of all claims under this contract, the sum of $    ."
The amount written in the blank space as the sum to be paid to said member, is one half the amount of the total policy risk. Numerous proofs have been filed with the receivers by policy holders claiming benefits on account of permanent and total disability prior to the filing of the bill for the appointment of receivers. In most of these cases the alleged disability arose from sickness, and in none of them did the directors vote or determine to exercise their option in favor of the payment or allowance of the claim. The receivers ask the instruction of the court upon the question " whether said corporation had power, subsequent to the enactment of chapter 421 of the Acts of 1890, to engage in the business of insurance against losses in cases where the disability might arise from sickness."

The St. of 1885, c. 183, § 1, defined insurance on the assessment plan in such a way as to include all contracts for benefits made by this corporation under its charter, and divided contracts for such insurance into two classes, contracts of life insurance and contracts of casualty insurance. Casualty insurance included all contracts where benefits were to accrue through physical disability from accident or from sickness of the insured, as well as

through accidental death. Sections 1 and 2, as well as other parts of the act, limited the right to make contracts of insurance on the assessment plan to corporations acting under the provisions of this statute. So long as this statute was in force there was nothing to prevent the organization of corporations for the purpose of issuing contracts of casualty insurance which would give benefits for disability arising from sickness as well as accident. Whether the charter of this corporation is broad enough to authorize the making of such contracts, we need not consider.

The St. 1890, c. 421, § 1, which takes the place of § 1 of the statute last considered, changes the definition of casualty insurance by including in it only cases where the benefit is to accrue through the accidental death of the insured, or his physical disability arising from accident, and it makes no provision for insurance by such company against disability arising from sickness. It also contains a provision in regard to insurance on the assessment plan, that " such business shall be lawful only as defined and permitted by this act." It follows that the previously existing authority to corporations to insure against disability arising from sickness was taken away by the St. 1890, c. 421, which repealed and superseded the provisions of the St. 1885, c. 183, on this subject. The first question of the receivers must be answered in the negative.

The answer to this question disposes of the second question also, which was " whether said claimants, upon proof of total and permanent disability, have a right to share in any of the assets of said association, and on what conditions in cases where the directors did not exercise their option either favorably or unfavorably as to the payment of said claims." These claimants have no additional right by reason of their disability to share in any of the assets of the corporation.

The claim of James A. Shaw under his intervening petition arises upon an agreement of the corporation to assume the liability of the York Mutual Aid Association under a certificate issued to the claimant containing a provision similar to that above quoted, but differing from it in making the liability of the company to pay upon demand in cases of total disability absolute instead of optional with the directors. The answers already

given apply to this claim as well as to the others. The argument of the claimant that the corporation is estopped to deny its liability in this proceeding, because of the similar provision .contained in the policies issued by it after January 11, 1892, cannot prevail. Without intimating that there would be such an estoppel if the provision had been like that in the claimant's certificate, it is enough to say that it did not purport to bind anybody. It merely recognized the right of the company to take up and cancel a certificate by paying one half the amount payable in case of death, if a holder who had become totally disabled requested it in writing and if the directors chose to do it. If, in reference to the risk under the liability for death, it seemed expedient to the directors to procure a cancellation of the policy, and if both parties agreed upon the terms, they could do it as well without such a provision as with it. This claim is disallowed.

*Ordered accordingly.**

---

* A similar decision was made in Suffolk, June 23, 1898, in the case of

ATTORNEY GENERAL *vs.* BERKSHIRE HEALTH AND ACCIDENT
ASSOCIATION.

INFORMATION, filed March 4, 1898, under St. 1890, c. 421, § 13, as amended by St. 1896, c. 515, § 6. The case was reserved by *Barker*, J., on the petition, answer, and an agreed statement of facts, upon the only question of law presented and argued by counsel, " whether the defendant corporation is authorized, by the existing statutes of the Commonwealth, by the issuing of certificates or otherwise to provide for the payment of a weekly benefit to its members in cases of disability from illness, which illness is not the result of accident."

*B. N. Johnson & R. P. Clapp*, (*W. O. Underwood* with them,) for the defendant.

*H. M. Knowlton*, Attorney General, *& A. W. DeGoosh*, Assistant Attorney General, for the Commonwealth.

KNOWLTON, J. This case is governed by the case of *Attorney General* v. *Bay State Beneficiary Association*, *ante*, 455. The St. of 1890, c. 421, took away the previously existing right of the respondent corporation to issue certificates providing for the payment of a weekly benefit to its members in cases of disability resulting from illness which was not caused by accident.

*Decree accordingly.*